1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GAITOI JOHNSON, ON BEHALF
     OF MINOR CHILD, JUANITA WILLIAMS,

11
                  Plaintiff,                    No. CIV S-07-1746 KJM
12
            vs.
13

14   MICHAEL J. ASTRUE,
     Commissioner of Social Security,

15
                  Defendant.                    ORDER
16   _____/

17            Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Child's Supplemental Security Income

19   ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the

20   court will deny plaintiff's motion for summary judgment and the Commissioner's cross motion

21   for summary judgment, but will remand for further proceedings.

22   /////

23   /////

24   /////

25   /////

26   /////

                                            1

I. Factual and Procedural Background

In a decision dated September 13, 2006, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of attention deficit hyperactivity disorder, a possible depressive disorder and mild asthma, but these impairments do not meet or medically equal a listed impairment; plaintiff has a marked limitation in interacting and relating with others but has less than marked or no limitation in the other domains of functioning[2] and does not functionally equal the severity of the listings; and plaintiff

---

[1]  Child's Supplemental Security Income ("SSI") is paid to disabled persons under the age of eighteen.  A child is considered disabled if the child has a medically determinable physical or mental impairments that result in marked and severe functional limitations.  42 U.S.C. § 1382c(a)(3)(C)(I).  A three step sequential evaluation is utilized in determining eligibility for Child's SSI.  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment, i.e., causes more than minimal functional limitations?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet, medically equal, or functionally equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If not, she is not disabled.

20 C.F.R. § 416.924(a)-(d).

[2]  In determining whether a child's impairments functionally equal the listings, the ALJ must consider how a child functions in six domains:

> (1)  Acquiring and using information;
> (2)  Attending and completing tasks;
> (3)  Interacting and relating with others;
> (4)  Moving about and manipulating objects;
> (5)  Caring for yourself; and
> (6)  Health and physical well-being.

20 C.F.R. § 416.926a(b)(1).  If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings.  20 C.F.R. § 416.926a(d).

1   has not been disabled since November 7, 1997, the date of application for disability benefits.

2   Administrative Transcript ("AT") 187-204.  Plaintiff contends the ALJ failed to properly develop

3   the record and failed to properly credit the testimony and statements of plaintiff's mother, father

4   and babysitter.

5   II.  Standard of Review

6          The court reviews the Commissioner's decision to determine whether (1) it is

7   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

8   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

9   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

10  Substantial evidence means more than a mere scintilla of evidence, but less than a

11  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

12  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

14  U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

15  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.

16  1986), and both the evidence that supports and the evidence that detracts from the ALJ's

17  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may

18  not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;

19  see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports

20  the administrative findings, or if there is conflicting evidence supporting a finding of either

21  disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

22  1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was

23  applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

24  III.  Analysis

25         Plaintiff contends the ALJ failed to appropriately develop the record.  Disability

26  hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see

3

also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented).  When the claimant appears before the ALJ pro se, as plaintiff did here through the mother's representation on behalf of the child claimant, the ALJ must be "especially diligent" to make sure the relevant facts are presented.  Cruz v. Schweiker, 645 F.2d 812, 813 (9th Cir.1981).

Plaintiff asserts she was wrongfully denied the right to proceed with counsel. Upon careful reading of the testimony of plaintiff's mother, it is apparent that plaintiff understood her right to proceed with counsel.  AT 556-560.  The record is not so clear that plaintiff was willing to proceed completely without any counsel, given her specific reference to her prior attorney as the counsel without which she was ready to go forward.  AT 560.  After review of the entirety of the record, however, the court finds no basis for remand predicated solely on the lack of counsel.  There is no prejudice shown in the record by plaintiff's failure to secure legal representation.  See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985); see generally Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997) (no constitutional right to counsel in social security proceedings; prejudice must be shown).

Plaintiff also asserts the ALJ failed to appropriately develop the record because psychiatric and school records acquired after the hearing were not provided to the medical expert witness, Dr. Shoemaker.  The medical expert testified after doing a complete review of plaintiff's educational and medical records available to the expert, but acknowledged that he did not have records current to the date of the hearing.  AT 598.  Additional records were obtained after the hearing.  AT 387-404, 524-550.  Although the ALJ had expressly stated at the hearing that Dr. Shoemaker would be asked about the relevant period covered by the additional records, the ALJ ultimately decided to not provide those records to the medical expert.  AT 195, 616.  In light of the explicit mandate from this court to have the expert evaluate the case in its entirety, including all relevant records, and given that the records obtained after hearing include notations of

1  "worsening" symptoms, the court finds the ALJ failed to properly develop the record.[3]  AT 217,

2  542, 544.  The matter will therefore be remanded so that the later acquired records can be

3  provided to Dr. Shoemaker, and further hearing may be had, with counsel and plaintiff[4] present.

4          Plaintiff requests that the matter be remanded to a different hearing officer.  The

5  record does not support a finding of bias sufficient to warrant an order from the court directing

6  remand to a different ALJ.  See Rollins v. Massanari, 261 F.3d 853 (9th Cir. 2001).  However,

7  internal policy of the Social Security Administration provides that on remand from the Appeals

8  Council, including remands generated by the court, the proceedings are held before the

9  previously assigned ALJ, unless the case previously was assigned to that ALJ on a prior remand

10  and the ALJ's decision after remand is the subject of the new remand or the Appeals Council or

11  court expressly directs the case be assigned to a different ALJ.  HALLEX I-2-155(D)(11).

12  Because this matter was previously remanded, it appears the matter will be assigned to a different

13  ALJ in any event.  AT 21, 204.[5]

14          For the foregoing reasons, this matter will be remanded under sentence four of 42

15  U.S.C. § 405(g) for further development of the record and further findings addressing the

16  deficiencies noted above.

17  /////

18  /////

19

20      [3]  The letter sent to plaintiff's mother by the ALJ indicating that additional medical
21  records would be considered did not notify the plaintiff that written questions could be submitted
    to the medical expert, but said only that questions could be submitted to the medical providers.
22  AT 551.

23      [4]  While the court does not find that by itself the absence of the minor plaintiff from the
    hearing merits reversal, upon remand the ALJ should proceed with the hearing only if the minor
24  plaintiff is present so that the medical expert can observe plaintiff.

25      [5]  Because this matter will be remanded, the court will not address plaintiff's credibility
    challenge.  On remand, however, the ALJ must set forth clear and convincing reasons if the
26  testimony of plaintiff's mother and father is discredited, and germane reasons must be set forth
    for discrediting any lay witness evidence.

1         Accordingly, IT IS HEREBY ORDERED that:

2         1.  Plaintiff's motion for summary judgment is denied;

3         2.  The Commissioner's cross-motion for summary judgment is denied; and

4         3.  This matter is remanded for further proceedings consistent with this order.

5    DATED:  September 30, 2009.

6

7    _____

8    U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   006
     williams-juanita.ss

6